BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $15,435.00 IN U.S. CURRENCY,<br><br>Defendant. | 2:14-MC-00155-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 9, 2014, the California Highway Patrol ("CHP") seized Approximately $15,435.00 in U.S. Currency (the "defendant currency") from Agamirov during a traffic stop in Truckee, California.  The Drug Enforcement Administration ("DEA") adopted the defendant currency for federal forfeiture on June 16, 2014.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about October 2, 2014, the DEA received a claim from Agamirov asserting ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 9, 2014, CHP conducted a traffic stop on a vehicle driven by Agamirov.  The vehicle was also occupied by Matthew Cassidy ("Cassidy").  As the law enforcement agent

1

Consent Judgment of Forfeiture

approached the vehicle, he could smell the odor of burnt marijuana.  A narcotics canine unit responded, and the dog positively alerted to the presence of the odor of a controlled substance around the vehicle's exterior.  The vehicle was searched, and law enforcement agents located a suitcase in the trunk containing $14,800.00.  The cash was comprised of 615 $20.00 bills and 25 $100.00 bills, separated into three bundles, double banded, and concealed inside a folded shirt.  Another $635.00 was seized from Agamirov's wallet.

4.  The United States represents that it could further show at a forfeiture trial that during the search of the vehicle, it was determined that the right rear quarter panel had been modified to create a void.  The inside of the void had large scrapes that appeared to have been made with a metal yardstick that was located inside the trunk.  Law enforcement agents believe the yardstick was used to push items in or retrieve items out of the void.

5.  The United States represents that it could further show at a forfeiture trial that Cassidy and Agamirov were interviewed separately and provided conflicting stories.  Cassidy told law enforcement agents that he and Agamirov had left Kansas on May 8th and traveled straight through to California, stopping only for food and gas.  He said the two planned to visit family and friends in California before returning to Kansas for Mother's Day (May 11th).  Cassidy told law enforcement agents that he borrowed the car from his girlfriend and explained the marijuana smell was a result of him recently smoking marijuana in the car.  Cassidy initially said there were no large amounts of money in the car, but later stated that he knew Agamirov had money in his suitcase but didn't know how much or why.  Cassidy signed a form disclaiming ownership of the seized cash.

6.  The United States represents that it could further show at a forfeiture trial that Agamirov gave conflicting stories about his travels.  Initially, Agamirov told law enforcement agents that he and Cassidy had only stopped once, in Wyoming, but later said that they had stopped several times along the way for food, gas, and gambling.  He also said they had stopped to visit a friend in Colorado for a couple hours.  Agamirov originally

2

1 told law enforcement agents that there were no large amounts of money in the car, but
2 later said that he had started the trip with $16,000.00 but only had $10,000.00 remaining.
3 He said he had spent the $6,000.00 on food, gas, and gambling. Agamirov claimed the
4 money and provided various explanations as to its origin, including proceeds from selling a
5 car, income from work he does for his father, and a gift from his parents. He said he does
6 not have a checking or savings account, and the money was his savings from the past year.

7. The United States could further show at trial that the defendant currency was later presented to a drug detection dog, and the dog positively alerted to the presence of the odor of narcotics.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, Kamal Emil Agamirov specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Kamal Emil Agamirov hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Kamal Emil Agamirov shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

**ORDER**

Based upon the above findings, the parties signed stipulation (ECF No. 10), and the files and records of the Court, it is hereby ORDERED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $7,718.00 of the $15,435.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,717.00 of the $15,435.00 in U.S. Currency shall be returned to claimant Kamal Emil Agamirov through his attorney Victor S. Haltom.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///
///
///
///

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  May 29, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT